IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-23-FL-1
No. 5:16-CV-398-FL

| | | |
|---|---|---|
| RAYMOND LEE DEAN, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 57), which challenges his designation as a "career offender" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 64). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On May 21, 2007, petitioner pleaded guilty, pursuant to a written plea agreement, to four counts of bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2. As a condition of his plea, petitioner agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive any right to contest the conviction or

sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

(DE 33 at 1-2).

The court sentenced petitioner on November 20, 2007, to a total term of 188 months imprisonment. Petitioner did not appeal his conviction or sentence.

Petitioner filed the instant motion to vacate on June 15, 2016. Relying on Johnson, petitioner contends that prior convictions for breaking and entering no longer qualify as predicates for the career offender enhancement under U.S.S.G. § 4B1.2. In addition, he argues that his counsel was ineffective for failing to challenge his career offender status. The government argues that petitioner's claims should be dismissed due to waiver in his plea agreement, and on the merits.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

2

B. Analysis

 1. Plea Waiver

Plea negotiations and the plea agreement are central to the American criminal justice system. See Blackledge v. Allison, 431 U.S. 63, 71 (1977); accord Santobello v. New York, 404 U.S. 257, 260–61 (1971); Brady v. United States, 397 U.S. 742, 751–52 (1970). The plea process, if properly administered, stands to benefit not only the defendant and government, but also the courts and society. See Blackledge, 431 U.S. at 71. It provides all interested parties certainty in the case's outcome, unlike a trial; conserves scarce judicial resources; and affords the public a measure of security. Id.

To ensure those benefits remain undisturbed by future developments, guilty pleas typically "are accorded a great measure of finality." Id. The consequential advantages of plea bargaining are put asunder when a defendant later successfully challenges his sentence either on appeal or on collateral attack. Id. Thus, to ensure the certitude of a properly executed plea agreement, prosecutors routinely secure waivers of appeal and collateral-attack rights as a term of the agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Courts generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them. Id.; United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

Petitioner does not challenge his plea waivers as unknowing or involuntary. Rather, he contends that his Johnson claim falls beyond the scope of his collateral-attack waiver. See Lemaster, 403 F.3d at 220 n.2; see also United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). In Marin, the Fourth Circuit observed that a valid waiver of appeal and collateral-attack rights does not give the district court boundless discretion in

3

imposing a sentence and that certain fundamental defects or errors fall into a class of claims that lie beyond the scope of any waiver. Id. That class of claims can be divided into two camps: (1) claims that the petitioner's sentence either was "illegal," that is, in excess of the maximum penalty authorized by statute, or (2) claims that the petitioner's sentence was constitutionally impermissible, that is, inconsistent with the constitution as it was understood at the time of sentencing. See id.; United States v. Blick, 408 F.3d 162, 172–73 (4th Cir. 2005). Such claims survive even a knowing and voluntary waiver because they represent "errors that the [petitioner] could not have reasonably contemplated when the plea agreement[] w[as] executed." Id. at 172.

Petitioner's Johnson claim falls into neither of those two camps. Petitioner's sentence is not "illegal," because it was within the 20 year maximum authorized by statute. See 18 U.S.C. § 2113(a). In addition, "incorrect application of the [G]uidelines" is not a sufficient reason to set aside a collateral-attack waiver. United States v. Brown, 232 F.3d 399, 404 (4th Cir. 2000) (holding incorrect application of career offender enhancement did not fall outside the scope of valid appeal waiver). That is so irrespective of whether the advisory Guidelines were erroneously applied at the time of sentencing, see id., or later were revealed to have been erroneously applied in the wake of a change in sentencing law. See United States v. Copeland, 707 F.3d 522, 529 (4th Cir. 2013).

Nor is petitioner's sentence constitutionally impermissible. A sentence may be challenged as constitutionally impermissible where it is imposed in violation of constitutional principles as they were understood at the time of sentencing. See Blick, 408 F.3d at 171–73. A post-sentencing change in constitutional landscape is not a sufficient basis upon which to set aside a valid collateral-attack waiver. See id. In other words, even though petitioner was sentenced under a provision later found to be unconstitutionally vague, that after-the-fact change in the federal sentencing system does

4

not support petitioner's attempt to circumvent his otherwise valid, bargained-for collateral-attack waiver. See id.

Petitioner argues that his collateral-attack waiver should be set aside because he could not have "reasonably contemplated" the constitutional error brought to light by Johnson at the time he was sentenced. But, petitioner's definition of his "reasonable contemplation" is unnecessarily broad. The question is not whether petitioner could have reasonably contemplated a favorable post-sentencing change in the law at the time he entered into his plea agreement. See United States v. Archie, 771 F.3d 217, 222–23 (4th Cir. 2014) "A plea agreement, like any contract, allocates risk. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." Id. at 222 (internal alterations, citations, and quotations omitted).

As the Fourth Circuit made clear in Blick, an error is one that cannot be "reasonably contemplated" only where it results in a penalty in excess of the applicable statutory maximum or a sentence in violation of the constitution, as it is understood at the time of sentencing. See 408 F.3d 171–73; see also Archie, 771 F.3d at 223 ("Clearly, the rationale underlying [Marin and its progeny] is absent when the alleged error stems from a subsequent change in the law and not a failure by the court to apply the established law at the time of sentencing."). The court confirmed the narrow scope of these exceptions in Archie, where it stated that it has "never permitted a criminal defendant to avoid a valid and applicable . . . waiver by claiming error based on a subsequent change in the law." Id.

In sum, petitioner's Johnson claim is barred by his valid collateral-attack waiver.

5

Case 5:07-cr-00023-FL   Document 69   Filed 10/31/16   Page 5 of 6

2. Ineffective Assistance of Counsel

While not barred by his plea waiver, petitioner's ineffective assistance of counsel claim is nonetheless untimely, because the right to effective assistance of counsel is not a newly recognized right. See 28 U.S.C. § 2255(f). Moreover, the claim is without merit, as counsel is not ineffective for failing to anticipate a future change in the law. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (stating that the court must "evaluate the conduct from counsel's perspective at the time"). Therefore, petitioner's ineffective assistance of counsel claim must be dismissed as a matter of law.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 57) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 64). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge